IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL AND ROSEMARIE BROWN,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO. 11-00403** |
| ) | |
| **CITIMORTGAGE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

**COMES NOW** defendant CitiMortgage, Inc. ("CitiMortgage" or "Defendant"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), and hereby files this Motion to Dismiss the complaint ("Complaint") of plaintiffs Michael and Rosemarie Brown ("Plaintiffs" or "Browns"). In support of its Motion, CitiMortgage states as follows:

**I. INTRODUCTION**

In their second meritless lawsuit against CitiMortgage in the past year, Plaintiffs have now submitted a Complaint alleging that CitiMortgage committed a violation of 15 U.S.C. § 1641(g) of the Truth-in-Lending Act ("TILA") by failing to provide notice that CitiMortgage was the new creditor holding their mortgage

1935489 v1

note.  This lawsuit is without merit for a variety of reasons, however, some of these are not properly teed up at the motion to dismiss stage.[1]

That being said, Plaintiffs' Complaint is deficient and due to be dismissed now.  The statutory language of §§ 1640(a)(1) and 1641(g) are clear that a plaintiff must suffer -- and allege -- actual damages to assert a claim for a violation of § 1641(g).  Plaintiffs' Complaint is devoid of any mention of actual damages that they may have suffered based on CitiMortgage's alleged failure to provide them notice of assignment under TILA.  As a result, Plaintiffs' entire Complaint is due to be dismissed, with prejudice.

## II. FACTUAL ALLEGATIONS[2]

Plaintiffs factual allegations are straightforward.  Plaintiffs initiated this action against CitiMortgage on July 25, 2011 by filing their Complaint.  [*See*

---

[1] Should this Court find that Plaintiffs' claims survive this Rule 12(b)(6) motion -- which it should not -- CitiMortgage will demonstrate that the promissory note and servicing rights in this case were transferred before § 1641(g) was enacted, May 20, 2009.  This is evidenced by an affidavit executed by CitiMortgage in Plaintiffs' prior suit, *see Brown v. CitiMortgage*, No. 1:10-cv-00709-KD-M, Doc. 3, Ex. 1 (S.D. Ala. Dec. 21, 2010), which clearly and unambiguously demonstrates that Plaintiffs' note was transferred prior to May 20, 2009.  However, the Court has no need to reach this issue as Plaintiffs' Complaint is presently deficient and due to be dismissed.

[2] CitiMortgage notes that it strongly disagrees with the facts as set forth in Plaintiffs' Complaint.  That being said, for the purposes of this Rule 12(b)(6) Motion, CitiMortgage will take Plaintiffs' factual allegations as true to demonstrate that even if proven, Plaintiffs' facts do not constitute a claim of relief under 15 U.S.C. § 1641(g).  *See* Fed. R. Civ. P. 12(b)(6).

*generally,* Doc. 1, Complaint.]  In their Complaint, Plaintiffs allege that on March 25, 2002 they executed a real estate mortgage with Travelers Bank & Trust, FSB in the amount of $115,027 and that servicing of the loan was transferred to "Citi."  [*See* Doc. 1, ¶ 5.]  Plaintiffs allege that the loan was secured by their principal residence.  [*See* Doc. 1, ¶ 7.]  Plaintiffs then allege that "[o]n October 26, 2010 [sic] beneficial interest in the Plaintiffs' mortgage and note was assigned to Citi.  A written assignment identifying Citi as the assignee was executed on October 26, 2010 and recorded in the probate office of Mobile County, Alabama on or about November 4, 2010."  [*See* Doc. 1, ¶ 6.]  Plaintiffs then allege that CitiMortgage violated the TILA by failing to provide Plaintiffs with a 30 day notice of any transfer or assignment of their mortgage loan.  [*See* Doc. 1, ¶ 8.]  Plaintiffs' Complaint makes no mention of any damages that they have suffered as a result of CitiMortgage's alleged violation of the statute.  [*See generally*, Doc. 1.]

### III. STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted if Plaintiff has failed to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'"  *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999

F.2d 1508, 1510 (11th Cir. 1993)). In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The U.S. Supreme Court explained that the purpose of Rule 8(a)(2) was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" a formulaic recitation of the elements of a cause will not do. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The Supreme Court has recently stated that Rule 8 demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). A plaintiff must "nudge[ their] claims across the line from conceivable to plausible, [otherwise, their] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

### IV. ARGUMENT

Plaintiffs' entire Complaint is due to be dismissed because they have not alleged -- and cannot allege -- that they suffered actual damages as a result of any

alleged failure of CitiMortgage to provide them notice of a transfer of the beneficial interest in their mortgage loan.  Plaintiffs' Complaint contends that CitiMortgage failed to provide Plaintiffs' with proper notice of a transfer of their mortgage loan and states that, as a result of this alleged failure, CitiMortgage violated 15 U.S.C. § 1641(g).  In their prayer for relief, Plaintiffs request the following: "judgment for statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a)."  [*See* Doc. 1, ¶ Prayer for Relief.]  As shown below, Plaintiffs cannot assert a claim based on § 1641(g) without suffering actual damages and, as a result, Plaintiffs' entire Complaint is due to be dismissed.

Plaintiffs' entire lawsuit is founded upon an alleged violation of § 1641(g) of the TILA, which was enacted in 2009, and states as follows:

> (g) Notice of new creditor
>
> (1) In general
>
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including--
>
> (A) the identity, address, telephone number of the new creditor;
>
> (B) the date of transfer;
>
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
>
> (D) the location of the place where transfer of ownership of the debt is recorded; and

(E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g).  As stated by Plaintiffs in their Complaint, a violation of § 1641(g) may result in civil liability for a violator under § 1640(a) of TILA.  *See Borowiec v. Deutsche Bank Nat. Trust Co.*, No. 11-00094-DAE-KSC, 2011 WL 2940489, at *3 (D. Haw. July 19, 2011).

The first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning.  *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997).  If the statute does have a plain meaning, any inquiry into the meaning of the statute must then cease.  *See id.* (citing *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240 (1989)); *see also Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992).  "There is no ambiguity in the meaning of Section 1640(a)(1), which determines civil liability for a creditor who fails to comply with the requirements of Section 1641."  *Boroweic*, 2011 WL 2940489, at *3 (dismissing § 1641(g) claim for failure to provide evidence of actual damages). "Any creditor that fails to comply with any requirement imposed under Section 1641(g)(1) only faces liability for 'any **actual damage** sustained by such person as a result of the failure.'"  *Id.* (emphasis in original) (citing 15 U.S.C. § 1640(a)(1) (discussing civil liability)).  Federal courts addressing claims under § 1641(g) have dismissed complaints asserted by a plaintiff based upon the failure of the plaintiff to adequately allege actual damages were suffered as a result of a violation of the

statute. *See Beall v. Quality Loan Service Corp.*, No. 10-CV-1900-IEG (WVG), 2011 WL 1044148, at *6 (S.D. Cal. Mar. 21, 2011) ("Plaintiff has not alleged any actual damages or finance charges related to OneWest's failure to provide the notice of assignment required under § 1641(g)(1)."); *c.f. Boroweic*, 2011 WL 2940489, at *3.

In the instant case, Plaintiffs' Complaint contains absolutely no reference to any actual damages suffered as a result of the alleged violation of § 1641(g). The reason for this is evident, Plaintiffs have suffered no damages as a result of any violation of the statute. Thus, Plaintiffs cannot state a valid claim for relief under § 1641(g) and their entire Complaint is due to be dismissed, with prejudice.

## V. CONCLUSION

Based on the foregoing, it is clear that Plaintiffs have failed to state a valid claim for relief under 15 U.S.C. § 1641(g) of the TILA and, thus, that Plaintiffs' entire Complaint is due to be dismissed, with prejudice.

WHEREFORE, PREMISES CONSIDERED, CitiMortgage respectfully requests that this Court enter an order dismissing Plaintiffs' Complaint, with prejudice, for failure to state a claim upon which relief can be granted.

Respectfully submitted this the 23rd day of August, 2011:

                      */s/ Zachary D. Miller*
                      Reid S. Manley (MAN039)
                      Zachary D. Miller (MIL135)

                      Attorneys for Defendant
                      CitiMortgage, Inc.

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL  35203
Telephone:  (205) 251-3000
Facsimile:   (204) 458-5110
rmanley@burr.com
zmiller@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 23rd day of August, 2011:

                James D. Patterson
              Underwood & Riemer, P.C.
       166 Government Street, Suite 100
                 Mobile, AL  36602

                      */s/ Zachary D. Miller*
                      OF COUNSEL