IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL AND ROSEMARIE BROWN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL ACTION NO. 11-00403 ) |
| CITIMORTGAGE, INC., | ) ) ) |
| Defendant. | ) |

**DEFENDANT CITIMORTGAGE, INC'S MOTION TO STAY PRETRIAL DEADLINES**

**COMES NOW** defendant CitiMortgage, Inc. ("CitiMortgage" or "Defendant"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 6(b) and 26 and Local Rule 26, hereby respectfully moves this Court for an Order staying the pretrial deadlines set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court until such time as the Court has ruled upon the case-dispositive Motion to Dismiss in this action. In support of this Motion, CitiMortgage respectfully shows the Court as follows:

**I. PROCEDURAL HISTORY**

Plaintiffs Michael and Rosemarie Brown ("Plaintiffs") instituted this action by filing a complaint against CitiMortgage in this Court on July 25, 2011. [*See generally,* Doc. 2, Complaint.] The Complaint contends that CitiMortgage failed

1940644 v1

to comply with 15 U.S.C. § 1641(g) of the Truth-in-Lending Act ("TILA") when it allegedly failed to send notice that the ownership of Plaintiffs' promissory note was transferred to a new entity.  [*See generally, id.*]

On August 23, 2011, CitiMortgage filed a Motion to Dismiss and Memorandum of Law in Support Thereof, explaining to the Court that absent any facts in their Complaint demonstrating that they suffered actual damages, Plaintiffs' Complaint must be dismissed in its entirety.  [*See* Doc. 6, Motion to Dismiss and Memorandum of Law in Support Thereof.]  CitiMortgage now files this Motion requesting the Court to stay all pretrial deadlines until CitiMortgage's case-dispositive Motion to Dismiss is addressed.

## II. ARGUMENT AND CITATION OF AUTHORITY

### The Pretrial Deadlines Should Be Stayed Pending the Court's Decision on CitiMortgage's Motion to Dismiss.

In the interests of judicial economy and to avoid undue burden on the parties and the Court, this Court should issue an order temporarily staying the parties' pretrial deadlines pending the Court's ruling on the Motion to Dismiss.  The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for its litigants.  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970) (acknowledging that district courts have discretionary authority to stay a case when

the interests of justice so require); *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (holding that district court did not abuse its discretion in staying discovery because the court had "sufficient information before it upon which to rule"); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings…when the interests of justice seem… to require such action") (internal quotations omitted); *S.E.C. v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980), *cert. denied*, 449 U.S. 993 (1980) (same).

As demonstrated in the Motion to Dismiss, Plaintiffs' Complaint is due to be dismissed because Plaintiffs have failed to allege adequate facts to support their only claim, for a violation of TILA.  Because the Court's ruling on the Motion to Dismiss will likely dispose of this action in its entirety, compliance with the pretrial obligations set forth in the Federal Rules and the Local Rules prior to the Court's ruling on the Motion to Dismiss would be premature.  The time and resources that the parties would expend in conducting a planning conference, drafting initial disclosures, and a preparing a joint report of parties' planning meeting will be rendered unnecessary if the Court finds that Plaintiffs' Complaint should be dismissed, pursuant to the Motion to Dismiss, or otherwise.  Therefore, CitiMortgage respectfully requests that this Court exercise its discretion and

1940644 v1                                              3

temporarily stay the applicable deadlines for the following pretrial obligations, pending the Court's ruling on the Motion to Dismiss:

(1) Rule 26(f) Planning Conference.  Fed. R. Civ. P. 26(f);

(2) Report of Parties' Planning Meeting.  Fed. R. Civ. P. 26(f); and

(3) Initial Disclosures.  Fed. R. Civ. P. 26(a) and L.R. 26.1(a).

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, and in the interests of judicial economy, efficiency, and fairness, CitiMortgage respectfully requests that this Court exercise its discretion and grant this Motion to Stay Pretrial Deadlines.

*/s/ Zachary D. Miller*
Reid S. Manley (MAN039)
Zachary D. Miller (MIL135)

Attorneys for Defendant
CITIMORTGAGE, INC.

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL  35203
Telephone:  (205) 251-3000
Facsimile:   (204) 458-5110
rmanley@burr.com
zmiller@burr.com

1940644 v1

4

5

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 24th day of August, 2011:

James D. Patterson<br>
Underwood & Riemer, P.C.<br>
166 Government Street, Suite 100<br>
Mobile, AL  36602

                                              */s/ Zachary D. Miller*
                                              OF COUNSEL