**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL AND ROSEMARIE BROWN,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **CIVIL ACTION NO. 11-00403** |
| **CITIMORTGAGE, INC. ,** | ) ) | |
| **Defendant.** | ) ) | |

## DEFENDANT CITIMORTGAGE, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

**COMES NOW** defendant CitiMortgage, Inc. ("CitiMortgage" or "Defendant"), by and through its undersigned counsel and hereby files this reply memorandum in support of its Motion to Dismiss the complaint ("Complaint") of plaintiffs Michael and Rosemarie Brown ("Plaintiffs"). In support of its Motion, CitiMortgage states as follows:

## I. ARGUMENT

While Plaintiffs' Response in Opposition to CitiMortgage's Motion to Dismiss (hereinafter, "Plaintiffs' Response") poses as a thorough treatise on the status of statutory damages under the Truth-in-Lending Act ("TILA"), it misses the point entirely. Plaintiffs' Complaint contains a single Count, alleging that CitiMortgage violated 15 U.S.C. § 1641(g) by failing to notify Plaintiffs within 30 days of a transfer or assignment of their mortgage loan. [*See generally*, Doc. 2, Complaint.] While CitiMortgage vehemently disagrees with Plaintiffs' interpretation of the statute and will submit evidence demonstrating that no violation of § 1641(g) occurred, CitiMortgage filed a Rule 12(b)(6) Motion explaining that Plaintiffs' entire Complaint failed absent an allegation that Plaintiff suffered actual damage or was levied a finance charge in connection any alleged violation. Plaintiffs scoffed at this argument, stating

that CitiMortgage's position "display[ed] a surprising degree of misunderstanding of the history and fundamental purpose of TILA, not to mention the plain text of Section 1640 and binding law in this Circuit."  [*See* Doc. 14, Plaintiffs' Response, pp. 2-3.]  Plaintiffs' hyperbole is unwarranted and unnecessary, because it is Plaintiffs who have failed to grasp this provision of TILA and are flawed in their assertion that an allegation of actual damages or a finance charge is not required to state a claim under TILA.  As shown below, both the plain language of the statute and case law are clear that Plaintiffs have failed to sufficiently allege facts that will entitle them to relief on their § 1641(g) claim.

   A.   **Liability -- 15 U.S.C. § 1641(g).**

   Plaintiffs' entire lawsuit is based upon an alleged violation of 15 U.S.C. § 1641(g) by CitiMortgage.  Section 1641 provides for liability of assignees under TILA, however, § 1641(g) was only recently enacted into law, in 2009.  The provision, entitled "Notice of new creditor," states as follows:

   **(g) Notice of new creditor**

   **(1) In general**

   In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including --

   (A) the identity, address, telephone number of the new creditor;

   (B) the date of transfer;

   (C) how to reach an agent or party having authority to act on behalf of the new creditor;

   (D) the location of the place where transfer of ownership of the debt is recorded; and

   (E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g).

**B.** **Damages -- 15 U.S.C. § 1640(a).**

A creditor who fails to comply with § 1641(g) is liable for damages as set forth in § 1640. *See* 15 U.S.C. § 1640(a) (stating that § 1640 determines the amount of damages for "any creditor who fails to comply with any requirement imposed under this part, including any requirement under . . . subsection (f) or (g) of section 1641 of this title . . ."). The statute provides that a creditor that violates certain provisions of the subchapter is liable to a borrower for:

> **(1) any actual damage sustained by such person as a result of the failure**;
>
> **(2)(A) (i) in the case of an individual action twice the amount of any finance charge in connection with the transaction**, (ii) in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000, (iii) in the case of an individual action relating to an open end consumer credit plan that is not secured by real property or a dwelling, twice the amount of any finance charge in connection with the transaction, with a minimum of $500 and a maximum of $5,000, or such higher amount as may be appropriate in the case of an established pattern or practice of such failures; or **(iv) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000**; . . . .

15 U.S.C. § 1640(a)(1)-(2) (emphasis added).

**C.** **Statutory Damages are Unavailable for a Violation of § 1641(g).**

The damages provisions cited above make it clear that statutory damages are unavailable for a violation of § 1641(g). While Plaintiff feigns indignation over this argument, [*see* Doc. 14, p. 11], it is the only logical conclusion that can be reached both from the wording of the statute and the cases addressing the interplay of § 1641(g) and § 1640(a).

First, there is no question that § 1640(a)(1) provides for the recovery of actual damages and that Plaintiffs have not requested actual damages in their Complaint. That proposition is conceded by both parties and is not at issue.

The question as to the viability of Plaintiffs' lawsuit, then, revolves around whether § 1640(a)(2)(A) allows for Plaintiffs to recover statutory damages based upon the allegations in Plaintiffs' Complaint.   As shown above, § 1640(a)(2)(A) contains four subdivisions. Subdivisions (ii) and (iii) are inapplicable to this case because they involve consumer leases and open end consumer credit plans, respectively, which are not at issue based on the allegations of Plaintiffs' Complaint.   As such, subdivisions (i) and (iv) appear to have applicability to this lawsuit and are addressed, in turn, below.

### 1.   Section 1640(a)(2)(A)(i) Is Inapplicable.

CitiMortgage freely admits that § 1640(a)(2)(A)(i) is a "statutory damage" provision.  As shown above, the subdivision provides that the creditor will be liable: "**in the case of an individual action [for] twice the amount of any finance charge in connection with the transaction**."   However, common sense dictates that this subdivision is inapplicable to a violation of § 1641(g) and Plaintiffs certainly have not pleaded facts that would entitle them to recovery under this subdivision.  The plain language of subdivision (i) conditions any recovery upon the borrower being levied a "finance charge."  *See id.*   Thus, to recover under the subdivision, it would be necessary for a borrower to allege facts demonstrating that they paid a finance charge to their creditor.

However, § 1641(g) addresses the transfer of the mortgage loan to a new creditor and, thus, would not be associated with the levy of a finance charge.  Due to § 1641(g) being a new provision, very few cases have addressed § 1641(g) and its relationship to § 1640(a).  However, **in each of the cases to address the two statutes, the federal court has found that § 1640(a)(2)(A)(i) does not provide for the recovery of damages because no finance charge had been allegedly charged in connection with the mortgage loan transfer**.  In a very recent decision, the U.S. District Court for the Northern District of Texas dismissed the plaintiff's §

1641(g) claim absent an allegation of actual damages or a finance charge in the complaint, stating:

> A creditor who fails to comply with a requirement imposed under §§ 1638 and 1641(g)(1) faces liability for "any actual damage sustained ... as a result of the failure." See 15 U.S.C. § 1640(a)(1) (discussing civil liability) (emphasis added); *see e.g. Borowiec v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 2940489, at *3 (D.Haw. July 19, 2011) (holding that TILA claim was not stated where plaintiff did not adequately show that damages resulted from lender's failure to provide notice of assignment under § 1641(g) (1)); *Beall v. Quality Loan Serv. Corp.*, 2011 WL 1044148, at *6 (S.D. Cal. Mar. 21, 2011) (same). **Turner has not alleged how defendants' failure to disclose documents caused or related to his performance of his obligations under the mortgage or the ultimate loan foreclosure. Of course, even if a plaintiff has not adequately pleaded actual damages, statutory damages remain available in "twice the amount of any finance charge in connection with the transaction [.]"** *See* 15 U.S.C. § 1640(a)(2)(A); *see also Stephenson v. Chase Home Fin. LLC*, 2011 WL 2006117, at *3–4 (S.D. Cal. May 23, 2011) (noting that failure to allege actual damages is insufficient ground for dismissal because statutory damages are available, if adequately pleaded); *Sterling v. Farran & Ezedine, LLC*, 2011 WL 219697, at *6 (D. Conn. Jan.20, 2011) (same). **But Turner has not alleged that he suffered damages as a result of finance charges associated with his loan**.

*Turner v. AmericaHomeKey Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *3 (N.D. Tex. Aug. 16, 2011); *see Boroweic v. Deutsche Bank Nat. Trust Co.*, No. 11-00094-DAE-KSC, 2011 WL 2940489, at *3 (D. Haw. July 19, 2011) (same).

This is the exact same conclusion reached by the U.S. District Court for the Southern District of California in *Beall v. Quality Loan Serv. Corp.*, No. 10-CV-1900-IEG, 2011 WL 1044148, at *6 (S.D. Cal. Mar. 21, 2011), where the Court stated as follows:

> Plaintiff fails to state a valid claim under § 1641(g)(1). While Plaintiff alleges OneWest violated TILA, she does not allege OneWest's failure to provide notice under § 1641(g)(1) caused her to incur actual damages. A creditor that fails to comply with any requirement imposed under § 1641(g)(1) only faces liability for "any actual damage sustained by such person as a result of the failure." *See* 15 U.S.C. § 1640(a)(1) (discussing civil liability) (emphasis added). Moreover, "in the case of an individual action," damages are limited to "twice the amount of any finance charge in connection with the transaction" and, in cases involving real property, "not less than $400 or greater than $4,000." Id. § 1640(a)(2)(A)(i), (iv). **Plaintiff has not alleged any actual damages or finance charges related to**

**OneWest's failure to provide the notice of assignment required under §
1641(g) (1)**.

*Id.*

Thus, the only courts to address the interplay of § 1641(g) and § 1640(a) have concluded
that a borrower cannot receive statutory damages without an allegation of actual damages or an
allegation that a finance charge was levied.   Plaintiff briefly attempts to discredit these cases,
stating that "[t]hose decisions are plain wrong."   [*See* Doc. 14.]   Plaintiffs' statement is very
strong, particularly because **Plaintiffs have submitted not a single case finding that a
borrower may proceed with a § 1641(g) claim absent an allegation of actual damages or the
levying of a finance charge**.   Thus, Plaintiffs request that this Court ignore the only three federal
district courts that address this issue, in favor of Plaintiffs' own unsupported position.   This is
inane.

Instead of citing cases that address the interplay of § 1641(g) and § 1640(a), Plaintiffs
cite to older TILA cases that have held a borrower may obtain statutory damages without any
allegation of actual damages.   CitiMortgage does not dispute that this is true.   However, the
critical distinction between the instant situation and the cases cited by Plaintiffs is that in each of
the cited cases **the amount of statutory damages was conditioned upon the presence of a
finance charge, something that is completely absent from Plaintiffs' Complaint**.   For
example, Plaintiffs cite to the Eleventh Circuit's decision in *Turner v. Beneficial Corp.*, 242 F.3d
1023 (11th Cir. 2001), where the court states that "TILA creates a private cause of action for
statutory damages, which may be assessed in addition to any actual damages awarded."   *Id.* at
1025.   However, the court goes on the state that "[u]nder TILA Section 1640(a)(2)(A)(i), [the
plaintiff] would be entitled to individual statutory damages equal to "twice the amount of any
finance charge in connection with the transaction."   *Id.*, n. 5.   The same is true for Plaintiffs'

citation to *Zamarippa v. Cy's Car Sales, Inc.*, 674 F.2d 877, 879 (11th Cir. 1982), where the Eleventh Circuit directed the district court to "enter judgment for appellants in accordance with this opinion, and calculate an award for each of the appellants under 15 U.S.C. § 1640(a)(2)(A)(i) and (a)(3)." *Id.*

Plaintiffs point out that in reaching its conclusion in *Zamarippa*, the Eleventh Circuit Court of Appeals relied on the decision *Grant v. Imperial Motors*, 539 F.2d 506 (5th Cir. 1976). In *Grant*, once again, the award of statutory damages was deemed to be related to the finance charge levied to the borrowers. *Id.* The court cited the former language of § 1640(a)(2)(A), which, at that time, provided for an award of "twice the amount of any finance charge in connection with the transaction . . . ." *Id.* The same is true with the other Fifth Circuit opinions cited by Plaintiffs. *See Smith v. Chapman*, 614 F.2d 968, 971 (5th Cir. 1980) ("Statutory penalties of twice the amount of the finance charges in connection with the transaction, plus attorney's fees, were imposed for violation of the federal laws and for violation of the state regulations . . . ."); *McGowan v. King, Inc.*, 569 F.2d 845, 850 (5th Cir. 1978) ("McGowan is entitled to recover the § 1640(a)(2) civil penalty of twice the amount of the finance charge, or $218.02.").

In fact, **Plaintiffs have failed to cite to a single case that permits recovery of a statutory penalty that is unconnected to the levying of a finance charge**. Despite this fact, Plaintiffs' own Complaint contains absolutely no reference to any actual damage suffered or finance charged levied. The reason for this is simple: the alleged violation involved the transfer of Plaintiffs' note, not the imposition of any fees or finance charges. This is why the *Tucker*, *Beall*, and *Boroweic* courts are so clear that absent an allegation of actual damages, a claim for § 1641(g) cannot stand. A violation of § 1641(g) will never involve the imposition of a finance

charge and thus, the statutory penalty under § 1640(a)(1)(A)(i) is unavailable.  Despite resorting to insults in their brief regarding CitiMortgage's misunderstanding of TILA, **Plaintiffs have failed to explain this glaring discrepancy**.  Thus, Plaintiffs' claim **cannot proceed to discovery**, because Plaintiffs have failed to allege that they suffered actual damages and have failed to allege they were levied a finance charge that would permit the imposition of statutory damages under § 1640(a)(1)(A)(i).

### 2.      Section 1640(a)(2)(A)(iv) is Irrelevant.

It appears that Plaintiffs are attempting to escape alleging actual damages or a finance charge by citing § 1640(a)(2)(A)(iv) as support for their argument that they are entitled to statutory damages.  Plaintiffs' citation to § 1640(a)(1)(A)(iv) "displays a surprising degree of misunderstanding of the history . . . of TILA, not to mention the plain text of Section 1640 and binding law. . . ."  [*See* Doc. 14, p. 3.]  Section 1640(a)(1)(A)(iv) states that "in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, [a borrower may recover] not less than $400 or greater than $4,000 . . . ."  While Plaintiff places this quotation in bold, apparently contending that it provides an individual ground for recovery, instead, even a cursory review of opinions interpreting § 1640 would demonstrate that this language merely **limits** recovery and **does not provide an additional grounds for the recovery of statutory damages**.

To understand why this is true, it is necessary to examine the history of § 1640, which was summarized by the U.S. Supreme Court in *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50 (2004).  In *Koons*, the Court explains that § 1640(a)(1) originally read as follows:

> (a) [A]ny creditor who fails in connection with any consumer credit transaction to disclose to any person any information required under this chapter to be disclosed to that person is liable to that person in an amount . . . of

> (1) twice the amount of the finance charge in connection with the transaction, except that liability under this paragraph shall not be less than $100 nor greater than $1,000 . . . .

*Id.* at 54.  This provision was amended on several occasions, and then structurally altered in 1995, when Congress added the sentence similar to the one at issue in this lawsuit, providing for statutory damages equal to:

> (2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, (ii) in the case of any individual action relating to a consumer lease . . . 25 per centum of the total amount of monthly payments under the lease, except that liability under this subparagraph shall not be less than $100 nor greater than $1,000, or (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000 . . . .

*Id.* at 56.

In 1997, the Seventh Circuit, in *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943 (7th Cir. 1997) held that the meaning of clauses (i) and (ii) remained untouched by the addition of clause (iii).  The Seventh Circuit observed that prior to the addition of clause (iii) in 1995, "[c]ourts uniformly interpreted the final clause, which established the $100 minimum and the $1,000 maximum, as applying to both (A)(i) and (A)(ii)."  *Id.* at 947.  The 1995 amendment, the Seventh Circuit reasoned, "was designed simply to establish a more generous minimum and maximum for secured transactions, without changing the general rule on minimum and maximum damage awards for the other two parts of § 1640(a)(2)(A).  *Id.*  As *Strange* illustrates, TILA violations may involve finance charges that, when doubled, are less than $100.  There, double-the-finance-charge liability was $54.27, entitling the plaintiff to the $100 minimum.  *Id.*

The *Koons* court affirmed the reasoning of *Strange*, stating:

> Before 1995, clauses (i) and (ii) set statutory damages for the entire rhelm of TILA-regulated consumer credit transactions.  Closed-end mortgages were encompassed by clause (i).  *See, e.g., Mayfield v. Vanguard Sav. & Loan Assn.*, 710 F. Supp., at 146.  As a result of the addition of clause (iii), closed-end

mortgages are subject to a higher floor and ceiling. **But clause (iii) contains no other measure of damages**. The specification of statutory damages in clause (i) of twice the finance charge continues to apply to loans secured by real property as it does to loans secured by personal property. Clause (iii) removes closed-end mortgages from clause (i)'s governance only to the extent that clause (iii) prescribes $200/$2,000 brackets in lieu of $100/$1,000.[1]

*Koons*, 543 U.S. at 62 (emphasis added). In other words, subsection (iv) (then subsection (iii)) merely works to add additional damages or limitations to subsections (i) through (iii), **and does not create a separate, independent ground for statutory damages**. Plaintiffs fail to cite a single case that would contradict this proposition. Thus, to the extent Plaintiffs are relying on § 1640(a)(2)(A)(iv) to support a claim for statutory damages, they are misguided. Section 1640(a)(2)(A)(iv) merely limits statutory damages contained in § 1640(a)(2)(A)(i) which, as explained above, does not apply in the instant situation because Plaintiffs have not alleged that a finance charge was levied related to the alleged § 1641(g) violation. Thus, Plaintiffs are not entitled to **any** statutory damages based upon the allegations in their Complaint and also have failed to allege that they have suffered any actual damage. As a result, the only option is for their entire Complaint to be dismissed, with prejudice.

## II. CONCLUSION

Plaintiffs ask this Court to ignore three federal court opinions issued in the last six months that address the exact question presented in this lawsuit: can a plaintiff bring a § 1640(g)(1) claim without alleging actual damages? Each of the three courts answered this question in the negative. Plaintiffs request that this Court reject these cases because they are "plain wrong," but fail to adequately explain why they are wrong and resort only to string cites to inapposite opinions. This is insufficient. Both the plain language of § 1640(a) and case law

---

[1] Due to amendments to § 1640(a)(2)(A), the subjection (iii) referred to by the Supreme Court is now subsection (iv).

addressing the issues presented in this case are clear that Plaintiffs' allegations are insufficient to survive dismissal.  Based on the foregoing, it is clear that Plaintiffs have failed to state a valid claim for relief under 15 U.S.C. § 1641(g) of the TILA and, thus, that Plaintiffs' entire Complaint is due to be dismissed, with prejudice.

WHEREFORE, PREMISES CONSIDERED, CitiMortgage respectfully requests that this Court enter an order dismissing Plaintiffs' Complaint, with prejudice, for failure to state a claim upon which relief can be granted.

Respectfully submitted this the 13th day of September, 2011:


*/s/ Zachary D. Miller*
Reid S. Manley (MAN039)
Zachary D. Miller (MIL135)

Attorneys for Defendant
CitiMortgage, Inc.

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL  35203
Telephone:     (205) 251-3000
Facsimile:      (204) 458-5110
rmanley@burr.com
zmiller@burr.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 14th day of September, 2011:

James D. Patterson
Kenneth Riemer
Underwood & Riemer, P.C.
166 Government Street, Suite 100
Mobile, AL  36602

/s/ Zachary D. Miller
OF COUNSEL