IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL BROWN,** *et al.*, ) | |
| ) | **PUBLISH** |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION 11-0403-WS-B** |
| ) | |
| **CITIMORTGAGE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter comes before the Court on defendant's Motion to Dismiss (doc. 6). The Motion has been briefed and is ripe for disposition.[1]

**I.    Background.**

Plaintiffs, Michael and Rosemarie Brown (the "Browns), brought a straightforward, single-count Complaint (doc. 2) against defendant, CitiMortgage, Inc. ("Citi"), in this District Court. The Browns allege that they executed a real estate mortgage with nonparty Travelers Bank & Trust, FSB, in March 2002, and that Travelers assigned beneficial interest in the mortgage and note to Citi in October 2010. (Doc. 2, ¶¶ 5-6.)  Plaintiffs further allege that Citi

---

[1]    Also pending is plaintiffs' Motion for Leave to File Sur-Reply (doc. 18), which plaintiffs offered for the limited purpose of responding to a new argument in defendant's Reply (doc. 15). That Motion is **granted**, and the Sur-Reply appended to the Motion will be considered for that limited purpose. Following the close of briefing, defendant sent a letter to the undersigned which appears to be a supplement to defendant's Reply. It is not proper to refashion a memorandum of law as correspondence to the judge because doing so (i) violates the Local Rules, (ii) circumvents court-ordered briefing schedules, (iii) gives the movant a third incremental bite at the briefing apple without leave of court, and (iv) effectively moves the parties' briefing into a forum outside the confines of the official court file. *See* Local Rule 5.1(d) ("Requests for court action may not be submitted in the form of a letter."). In this District Court, the rule is (and has long been) that legal memoranda must conform to briefing schedules and Local Rules, and must be filed with the Clerk of Court. A litigant cannot evade these requirements by couching a brief as correspondence to the judge. Accordingly, the Court has not reviewed and will not review that certain letter from defense counsel dated September 21, 2011. Such correspondence will not be made part of the court file.

failed to provide notice to them of that assignment within 30 days, as required by the Truth-in-Lending Act. *See* 15 U.S.C. § 1641(g)(1) ("not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer," including identity and contact information for new creditor, date of transfer, and instructions for how to reach an agent with authority to act on behalf of new creditor). On that basis, the Browns "demand judgment for statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a)." (Doc. 2, at 3.)[2] Plaintiffs neither allege nor demand an award of actual damages arising from the alleged § 1641(g) violation.

Following service of process, Citi filed a Motion to Dismiss pursuant to Rule 12(b)(6), for the sole stated ground that claims under § 1641(g) are not actionable absent proof of actual damages. In defendant's words, "Plaintiffs cannot assert a claim based on § 1641(g) without suffering actual damages and, as a result, Plaintiffs' entire Complaint is due to be dismissed." (Doc. 6, at 5.) Because the Complaint does not allege actual damages, and the Browns do not purport to have suffered actual damages, Citi maintains, their § 1641(g) claim is not cognizable as a matter of law, and should be dismissed with prejudice. For their part, plaintiffs insist that their § 1641(g) claim is actionable because the statutory damages they seek are available even in the absence of actual damages. This narrow, discrete legal issue is the sole battleground on which Citi's Rule 12(b)(6) Motion is fought.

**II.   Analysis.**

Citi's Motion to Dismiss hinges on the text of 15 U.S.C. § 1640(a), which, *inter alia*, provides for civil liability for certain TILA violations. In particular, that section states that any creditor that fails to comply with § 1641(g)'s notice requirement "is liable to such person in an amount equal to the sum of –

"(1) any actual damage sustained by such person as a result of such failure; [and]

"(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, … or (iv) in the case of an individual

---

[2]   The Complaint makes reference to "the class described below." (Doc. 2, ¶ 9.) That reference is erroneous, inasmuch as no such class allegations or definition appear in the Complaint, which has been brought solely by the Browns on their own behalf.

>action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000."

15 U.S.C. § 1640(a). On its face, the statute provides that if a creditor violates the § 1641(g) notice requirement as to a mortgage loan, it is liable to the consumer in the amount equal to the sum of the consumer's actual damages (pursuant to § 1640(a)(1)) and statutory damages of double the finance charge, subject to lower and upper limits of $400 and $4,000 (pursuant to § 1640(a)(2)). *See, e.g., Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 55-56, 125 S.Ct. 460, 160 L.Ed.2d 389 (2004) (tracing amendment history of § 1640(a), and explaining that since 1974 it has allowed "for the recovery of actual damages in addition to statutory damages").[3] Costs and reasonable attorney's fees may also be awarded to a successful TILA plaintiff. *See* 15 U.S.C. § 1640(a)(3).

The thrust of Citi's Rule 12(b)(6) Motion, as initially postured, was that actual damages are a necessary element of proof in any TILA claim alleging violation of the § 1641(g) disclosure requirement.[4] Without allegations of actual damages, Citi maintained, the Browns' Complaint fails to state a cognizable claim as a matter of law. This stance is demonstrably incorrect. As noted *supra*, the plain statutory text creates liability for a creditor that fails to comply with § 1641(g) in the form of the <u>sum</u> of actual <u>and</u> statutory damages. The right of a TILA plaintiff to recover statutory damages, irrespective of the presence or absence of actual damages, is firmly

---

[3] *See also Christ v. Beneficial Corp.*, 547 F.3d 1292, 1297 (11th Cir. 2008) ("The parameters of relief available to private litigants, delineated in 15 U.S.C. § 1640(a), include actual damages, statutory damages, and attorney's fees and costs.") (footnote omitted); *Anders v. Hometown Mortg. Services, Inc.*, 346 F.3d 1024, 1027 (11th Cir. 2003) ("TILA entitles successful plaintiffs to statutory damages as well as any actual damages."); *Turner v. Beneficial Corp.*, 242 F.3d 1023, 1025 (11th Cir. 2001) ("TILA creates a private cause of action for statutory damages, which may be assessed in addition to any actual damages awarded."); *Vallies v. Sky Bank*, 591 F.3d 152, 157 (3rd Cir. 2009) ("The Act, therefore, provides for different forms of compensatory damages – actual damages under § 1640(a)(1), and statutory damages for individuals under § 1640(a)(2)(A)").

[4] For example, Citi wrote that "Plaintiffs' Complaint is devoid of any mention of actual damages that they may have suffered …. As a result, Plaintiffs' entire Complaint is due to be dismissed, with prejudice." (Doc. 6, at 2.) Elsewhere, defendant asserted that "Plaintiffs' entire Complaint is due to be dismissed because they have not alleged – and cannot allege – that they suffered actual damages …." (*Id.* at 4.) Defendant left no doubt that the sole basis for its Rule 12(b)(6) Motion was that "Plaintiffs' Complaint contains absolutely no reference to any actual damages suffered as a result of the alleged violation of § 1641(g)." (*Id.* at 7.)

entrenched in the case law.  *See, e.g., Turner v. Beneficial Corp.*, 242 F.3d 1023, 1026 (11th Cir. 2001) ("statutory damages provide at least a partial remedy for all material TILA violations"); *In re Whitley*, 772 F.2d 815, 817 (11th Cir. 1985) (for TILA violations, "statutory civil penalties must be imposed … regardless of the district court's belief that no actual damages resulted or that the violation is de minimis") (citation omitted).[5]  Thus, the mere fact that the Browns' Complaint does not allege actual damages in no way impairs their right to hold Citi liable for a § 1641(g) violation, as long as they are eligible for statutory damages.  The Browns plainly invoke the statutory damages provision, as the *ad damnum* clause of their Complaint demands "judgment for statutory damages … pursuant to 15 U.S.C. § 1640(a)."  (Doc. 2, at 3.)  As originally formulated, then, defendant's Motion to Dismiss is not meritorious, because it is predicated on a legal theory – namely, that proof of actual damages is necessary to assert a claim for violation of § 1641(g) – that flatly contradicts abundant decisional and statutory authorities.

Citi's principal brief omitted discussion of statutory damages.  In that filing, Citi neither addressed the statutory damages prong of § 1640(a), nor presented argument or authority that the Browns were ineligible for statutory damages on the strength of their Complaint as pleaded.  Instead, defendant's principal brief focused exclusively on actual damages, which the Browns were not requesting and which § 1640(a) does not require as a prerequisite for recovery.  Perhaps

---

[5] *See also Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d 797, 800 (6th Cir. 1996) ("A plaintiff in a TILA case need not prove that he or she suffered actual monetary damages in order to recover the statutory damages and attorney's fees."); *In re Merriman*, 329 B.R. 710, 715 (D. Kan. 2005) ("The consumer-borrower can prevail in a TILA suit without showing that he or she suffered any actual damage as a result of the creditor's violation."); *In re Mourer*, 313 B.R. 701, 705 (Bankr. W.D. Mich. 2004) ("A plaintiff in a TILA case need not prove that he or she suffered actual monetary damage in order to recover the statutory damages and attorney's fees."); *Kurz v. Chase Manhattan Bank*, 273 F. Supp.2d 474, 478 (S.D.N.Y. 2003) ("it is not necessary for a TILA plaintiff to establish that he incurred actual damages as a result of a technical violation of TILA in order to seek statutory damages"); *Szczubelek v. Cendant Mortgage Corp.*, 215 F.R.D. 107, 128 (D.N.J. 2003) ("a plaintiff may not need to show actual harm, since the TILA provides for statutory damages for certain violations, in addition to actual damages"); *Basnight v. Diamond Developers, Inc.*, 146 F. Supp.2d 754, 769 (M.D.N.C. 2001) ("because … Plaintiff has not presented any set of facts establishing that she is entitled to actual damages, Plaintiff may only recover the statutory penalty as a result of Diamond Developers' TILA violation"); *Krajci v. Mt. Vernon Consumer Discount Co.*, 16 B.R. 464, 466 (E.D. Pa. 1981) ("These statutory damages are to be awarded regardless of whether the debtor has suffered any actual damages.").

in recognition of that fact, Citi dramatically altered its angle of attack in its reply brief.  As the centerpiece of its Reply (doc. 15), Citi propounds a brand new argument that plaintiffs cannot recover statutory damages unless the alleged § 1641(g) violation involved the levying of a finance charge.  Because the Browns did not allege in their pleading that "a finance charge was levied related to the alleged § 1641(g) violation," defendant argues, the Complaint must be dismissed with prejudice.  (Doc. 15, at 10.)

As a threshold matter, it is improper for a litigant to present new arguments in a reply brief, as Citi has done here.  After saying nothing about finance charges or statutory damages in its principal brief, defendant devoted virtually its entire reply to that issue.  New arguments presented in reply briefs are generally not considered by federal courts.  *See, e.g., Herring v. Secretary, Dep't of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotes omitted); *Sharpe v. Global Sec. Int'l*, 766 F. Supp.2d 1272, 1294 n.26 (S.D. Ala. 2011) ("Because it is improper for defendant to raise this new argument in its reply brief, that argument will not be considered."); *Abrams v. Ciba Specialty Chemicals Corp.*, 663 F. Supp.2d 1220, 1232 n.16 (S.D. Ala. 2009) ("new arguments are impermissible in reply briefs").[6]  Defendant could have raised the statutory damages argument in its principal brief; indeed, it was clear from the plain language of the Complaint that the Browns were predicating their § 1641(g) claim on a theory of statutory damages, not actual damages.  Citi could not have been surprised or caught unawares in that regard.  Movant's election not to advance in its principal brief readily available arguments concerning the obvious statutory damages issue precludes it from being heard as to same in its Reply.

Even if the statutory damages issue were considered on the merits, defendant's position that statutory damages are unavailable under TILA in the absence of related finance charges is

---

[6] The undersigned has outlined the purposes and virtues of this convention as follows: "In order to avoid a scenario in which endless sur-reply briefs are filed, or the Court is forced to perform a litigant's research for it on a key legal issue because that party has not had an opportunity to be heard, or a movant is incentivized to save his best arguments for his reply brief so as to secure a tactical advantage based on the nonmovant's lack of opportunity to rebut them, this Court does not consider arguments raised for the first time in a reply brief."  *Hardy v. Jim Walter Homes, Inc.*, 2008 WL 906455, *8 (S.D. Ala. Apr. 1, 2008).  Those considerations loom large here.

unavailing for no fewer than five reasons.  First, it conflicts with binding precedent.  In interpreting a previous iteration of § 1640, the Supreme Court held as follows: "We are also unable to accept respondent's argument that [§ 1640] does not allow imposition of a civil penalty in cases where no finance charge is involved but where a regulation requiring disclosure has been violated. … [W]e cannot conclude that Congress intended those who failed to comply with regulations to be subject to no penalty or to criminal penalties alone.  As the District Court concluded, *imposition of the minimum sanction is proper in cases such as this, where the finance charge is nonexistent or undetermined*."  *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 367, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973) (emphasis added).[7]  Defendant's filings make no attempt to distinguish or explain away this language in *Mourning*, on which plaintiffs expressly relied in their opposition brief and which runs diametrically opposite to Citi's position.  Instead, Citi simply ignores the Browns' citation to *Mourning* by inaccurately stating (in bold-face, underlined type) that "[i]n fact, Plaintiffs have failed to cite to a single case that permits recovery of a statutory penalty that is unconnected to the levying of a finance charge."  (Doc. 15, at 7 (emphasis omitted).)[8]  This Court does not have the luxury of waving aside Supreme Court precedent that appears to be on-point.

Second, careful reading of the statutory language itself undermines defendant's position.  Recall that the relevant provision allows for recovery of statutory damages for § 1641(g)

---

[7] A number of courts in other jurisdictions have likewise concluded that minimum statutory damages are available for TILA disclosure violations even in the absence of finance charges.  *See, e.g., Murphy v. Household Finance Corp.*, 560 F.2d 206, 210 (6th Cir. 1977) ("the penalty assessed shall be twice the amount of the finance charge imposed, but not less than $100") (citation omitted); *In re Wright*, 133 B.R. 704, 708 (E.D. Pa. 1991) ("Damages [for a TILA violation] include actual damages incurred by the debtor plus a civil penalty equal to a minimum of $100.00, or double the finance charge up to a maximum of $1,000.00…."); *Manley v. Wichita Business College*, 701 P.2d 893, 902 (Kan. 1985) (in TILA violation context, if finance charge cannot be determined, then consumer is entitled to recover statutory minimum penalty); *Corn v. Culpepper Sales*, 257 S.E.2d 324, 326 (Ga. App. 1979) ("Any creditor who fails to comply with any requirement imposed by the Truth in Lending Act is subject to a civil penalty even though no finance charge is involved.").

[8] Elsewhere in its reply brief, defendant offers a variation of this statement, again in bold, underlined type, as follows: "Plaintiffs have submitted not a single case finding that a borrower may proceed with a § 1641(g) claim absent an allegation of actual damages or the levying of a finance charge."  (Doc. 15, at 6 (emphasis omitted).)

violations of "twice the amount of any finance charge in connection with the transaction, … or … in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, ***not less than $400 or greater than $4,000***." 15 U.S.C. § 1640(a)(2)(A)(i), (iv) (emphasis added).  Applicable authorities demonstrate that the measure of statutory damages under § 1640(a)(2)(A) is twice the finance charge, and that this is true under each subsection of that provision.  *See Koons*, 543 U.S. at 62 (noting that the various subsections "contain[] no other measure of damages" and reasoning that "[t]he specification of statutory damages in clause (i) of twice the finance charge continues to apply to loans secured by real property as it does to loans secured by personal property").  But to say that twice-the-finance-charge is the measure of damages under § 1640(a)(2)(A) is not to say that statutory damages are zero if there is no finance charge.  After all, subsection (iv) sets a floor of $400 in statutory damages for an action relating to a credit transaction not under an open end credit plan that is secured by a dwelling.  That $400 amount is a statutory minimum penalty, even if the doubled finance charge is a lesser figure.  *See Christ v. Beneficial Corp.*, 547 F.3d 1292, 1297 n.9 (11th Cir. 2008) ("Statutory penalties of twice the amount of any finance charge in connection with the transaction range from $100 to $1,000 (or $400 to $4,000 for loans secured by real property).") (citations and internal quotation marks omitted).  So assuming defendant is correct and the applicable finance charge is zero, the Browns would nonetheless be eligible to recover the $400 floor in statutory damages for a violation of § 1641(g).  Citi's argument to the contrary would effectively read the $400 minimum penalty out of § 1640(a)(2)(A), in contravention of the language of the statute.[9]

---

[9] Another way to think about it is as follows:  Citi concedes that where a doubled finance charge is less than the minimum, then that minimum penalty applies.  *See* doc. 15, at 9 (reciting example in which "double-the-finance-charge liability was $54.27, entitling the plaintiff to the $100 minimum").  Under defendant's reading, a plaintiff who incurred a $0.01 finance charge would be eligible for the $400 minimum statutory damages under subsection (a)(2)(A)(iv), but a plaintiff who incurred a $0.00 finance charge would be ineligible for statutory damages.  Nothing in the text of § 1640(a)(2)(A), much less common sense, would support such an arbitrary distinction.  Rather, the statutory language supports a conclusion that, just like the one-penny example, a plaintiff who had incurred a finance charge of $0 would be entitled to statutory damages of double that amount, subject to a $400 floor.  The Court therefore declines defendant's implicit invitation to rewrite § 1640(a)(2)(A) by adding a clause to state that the minimum statutory damage amounts prescribed therein are inapplicable unless a positive value finance charge is actually levied against the plaintiff in connection with the underlying (Continued)

Third, defendant's position that statutory damages are never available for TILA violations that do not involve imposition of a finance charge is irreconcilable with the remedial purposes of that statute. The Eleventh Circuit has emphasized "the strong remedial purpose of TILA" and has heeded "continual admonitions that we construe TILA … liberally in the consumer's favor." *Bragg v. Bill Heard Chevrolet, Inc.*, 374 F.3d 1060, 1068 (11th Cir. 2004); *see also McGowan v. King, Inc.*, 569 F.2d 845, 848 (5th Cir. 1978) ("The scheme of the statute is to create a system of private attorneys general to aid its enforcement, and its language should be construed liberally in light of its remedial purpose."). The statutory damages remedy prescribed by § 1640(a)(2)(A) is an integral part of that statutory scheme and enforcement mechanism. *See generally Turner*, 242 F.3d at 1028 ("Congress provided for statutory damages because actual damages in most cases would be nonexistent or extremely difficult to prove.") (citation omitted); *Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d 797, 800 (6th Cir. 1996) ("The purpose of the statutory recovery is to encourage lawsuits by individual consumers as a means of enforcing creditor compliance with the Act.") (citation and internal quotation marks omitted); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp.2d 176, 186-86 & n.3 (S.D. Tex. 2007) ("statutory damages are explicitly a bonus for the plaintiff, designed to encourage private enforcement of" TILA, and "are reserved for cases in which the damages caused by a violation are small or difficult to ascertain") (citations omitted). It would be antithetical to those admonitions and to TILA's remedial purposes to read § 1640(a) so narrowly as to bar TILA causes of action by plaintiffs who have neither suffered actual damages nor incurred a finance charge in the alleged § 1641(g) violation. This is particularly true given that the text of the statute provides for an award of statutory damages with a minimum floor, even in the absence of actual damages.

Fourth, defendant candidly admits that a natural implication of its position is that statutory damages are <u>never</u> available for § 1641(g) violations. After all, § 1641(g) imposes a notice requirement on a new owner or assignee of a mortgage loan to apprise the borrower of

---

violation. Judicial revision of statutes is impermissible, even if done under the guise of judicial interpretation. *See, e.g., Nguyen v. United States*, 556 F.3d 1244, 1256 (11th Cir. 2009) ("We are not authorized to rewrite, revise, modify, or amend statutory language in the guise of interpreting it."); *Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) ("We will not do to the statutory language what Congress did not do with it, because the role of the judicial branch is to apply statutory language, not to rewrite it.").

such a transfer in writing.  It is difficult to imagine a circumstance where a finance charge would be "levied related to the alleged § 1641(g) violation," which is the legal standard advocated by Citi for statutory damages.  (Doc. 15, at 10.)  Thus, according to defendant, "[a] violation of § 1641(g) will never involve the imposition of a finance charge and, thus, the statutory penalty under § 1640(a)(1)(A)(i) is unavailable."  (*Id.* at 7-8.)  This absolutist stance does not withstand scrutiny of the text of the statute.  Had Congress wished to render statutory damages categorically unavailable for the entire class of § 1641(g) claims, surely it would have listed that section among the other disclosure provisions recited in the "carve-out" paragraph at the end of § 1640(a), which curtails access to statutory damages for certain disclosure violations.  But § 1641(g) is not enumerated in that carve-out paragraph.  Instead, § 1641(g) is specifically listed in the first paragraph of § 1640(a) as a section whose requirements expose violators to liability in an amount equal to the sum of actual damages plus statutory damages.  *See* 15 U.S.C. § 1640(a) ("any creditor who fails to comply with any requirement imposed under … subsection (f) or (g) of section 1641 of this title … with respect to any person is liable to such person in an amount equal to the sum of" actual and statutory damages).  In order to embrace Citi's position that Congress intended to prohibit statutory damages in cases involving § 1641(g) violations, one would likewise have to accept that Congress eschewed a very direct, simple method of making its intentions clear and somehow expected federal courts to discern that, even though Congress said that § 1641(g) violations are punishable by actual plus statutory damages, it really <u>meant</u> that § 1641(g) violations are punishable only by actual damages.  Such a strained interpretation stretches the limits of common sense beyond the breaking point to reach a finding of Congressional intent that the statutory language does not support.  This the Court will not do. *See, e.g., United States v. Ballinger*, 395 F.3d 1218, 1237 (11th Cir. 2005) ("As in all cases of statutory construction, our task is to interpret the words of these statutes in light of the purposes Congress sought to serve. … [N]othing is better settled than that statutes should receive a sensible construction, such as will effectuate the legislative intention, and, if possible, so as to avoid an unjust or absurd conclusion.") (citations omitted).

    Fifth, at a more fundamental level, defendant's argument is problematic because it, without explanation or elaboration, equates the phrase "any finance charge in connection with the transaction" in the statutory damages clause of § 1640(a)(2)(A) with "a finance charge … levied related to the alleged § 1641(g) violation."  It is not immediately obvious why a finance

charge "in connection with the transaction" for statutory damages purposes would have to be a finance charge "related to the alleged § 1641(g) violation" in order to be compensable as statutory damages under § 1640(a)(2)(A). As plaintiffs point out, there were finance charges imposed in the underlying mortgage transaction. Which "transaction" is the relevant one for statutory damages purposes? Although its position is evidently that the mortgage transfer is the applicable transaction and that previous finance charges do not "count" for § 1640(a)(2)(A) purposes, Citi does not explain its logic. The Court will not develop this argument for movant. *See, e.g., Harris v. Hancock Bank*, 2011 WL 1435500, *2 n.4 (S.D. Ala. Apr. 14, 2011) ("Federal courts generally do not develop arguments that the parties could have presented but did not."); *Pears v. Mobile County*, 645 F. Supp.2d 1062, 1081 n.27 (S.D. Ala. 2009) ("The parties … cannot be heard to balk if the undersigned does not perform their research and develop their arguments for them.").

To counter the foregoing arguments, Citi relies on a trio of unpublished district court decisions that it contends supports its position.[10] However, the Court finds none of these authorities persuasive and declines to follow them. In particular, the three opinions shed precious little light on the issue presented because they do not offer meaningful reasoning or discussion to justify their determinations that § 1641(g) violations are not actionable in the absence of actual damages or finance charges. Certainly, nothing in those unpublished district court opinions would cast doubt on the rationale set forth *supra* for allowing the Browns to proceed with their claim for statutory damages under TILA.

## III.  Conclusion.

For all of the foregoing reasons, the Court concludes that defendant has not met its burden of demonstrating entitlement to dismissal of this action under Rule 12(b)(6).[11] The

---

[10]  Those decisions are *Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, *3 (N.D. Tex. Aug. 16, 2011); *Boroweic v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 2940489, *3 (D. Haw. July 19, 2011); and *Beall v. Quality Loan Serv. Corp.*, 2011 WL 1044148, *6 (S.D. Cal. Mar. 21, 2011).

[11]  *See, e.g., Coventry First, LLC v. McCarthy*, 605 F.3d 865, 869 (11th Cir. 2010) (recognizing that movant bears burden on Rule 12(b)(6) motion); *Gulf Offshore Logistics, LLC v. Bender*, 2010 WL 500448, *2 (S.D. Ala. Feb. 9, 2010) ("Because the defendant presented a Rule 12(b)(6) motion …, he at all times bore the burden of demonstrating entitlement to dismissal."); *Superior Energy Services, LLC v. Boconco, Inc.*, 2010 WL 1267173, *5 (S.D. Ala. Mar. 29, (Continued)

Motion to Dismiss (doc. 6) is **denied**. Plaintiffs' Motion for Leave to File Sur-Reply (doc. 18) is **granted**, and the Sur-Reply appended to that motion has been duly considered herein. Defendant is **ordered** to file its answer to the Complaint on or before **October 21, 2011**.

DONE and ORDERED this 11th day of October, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

2010) ("When attacking a complaint in a motion filed pursuant to Rule 12(b)(6), the moving party bears the burden to show that the complaint should be dismissed for failure to state a claim upon which relief may be granted.").