EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL BROWN, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:11-cv-00403-WS-B |
| ) | |
| **CITIMORTGAGE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## PROTECTIVE ORDER

Now pending before the court is the consent motion for a protective order filed by the parties on December 13, 2011.  Upon consideration of the motion, and for good cause, it is ORDERED that the motion for a protective order be and is hereby GRANTED.

This lawsuit is currently in discovery, and it appears that such discovery will involve the disclosure of information that the parties deem confidential. Accordingly, it appearing that all of the parties consent to entry of this Agreed Protective Order, and for good cause, it is further ORDERED AS FOLLOWS:

1.      The designation "CONFIDENTIAL" shall be limited to information that the producing party reasonably believes contains:

1962582 v1

    a.    Trade secret or other confidential research, development, or commercial information including, but not limited to, confidential policies, procedures, and/or proprietary information subject to confidential treatment under Fed. R. Civ. P. 26;

    b.    Personal information of a private or sensitive matter subject to confidential treatment under Fed. R. Civ. P. 26; and/or

    c.    Any other documents or information that should otherwise be subject to confidential treatment under Fed. R. Civ. P. 26.

2.    All "CONFIDENTIAL" information in this case shall be used solely for the purpose of this litigation and for no other purpose.  In no event shall any person receiving confidential information use it for commercial or competitive purposes, make any public disclosure of the contents thereof, or use it in any other litigation, other than in conjunction with prosecuting or defending this litigation.

3.    If any answer given or document produced in response to any discovery in this case contains any "CONFIDENTIAL" information, the responding party may mark such information or document as "CONFIDENTIAL." Any information or document so marked shall not be disclosed to any person except as may be permitted by this Order.  The designation of any information as "CONFIDENTIAL" shall be made in good faith.

4. This Agreed Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to "CONFIDENTIAL" information.

5. The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label or other mark of the word "CONFIDENTIAL" on each page of the document which the designating party wishes to designate as confidential.  All documents so designated shall be labeled prior to the transmission of a physical copy thereof to the receiving party.  Any and all medical records received by virtue of responses to subpoena or by production requests supplied by either party shall be assumed confidential.  No designation as "CONFIDENTIAL" is necessary for purposes of this order.

6. The parties may designate portions of deposition testimony as "CONFIDENTIAL" by so designating such testimony before, during or after the deposition.  If testimony is designated as "CONFIDENTIAL," the designating party will clearly state on the record the reason for such designation.  Simply denominating testimony as confidential is insufficient for purposes of this Order.  The designation of testimony as "CONFIDENTIAL" will not render the entire deposition as "CONFIDENTIAL."  Only the specific portion of the testimony will receive a preliminary "CONFIDENTIAL" designation.  If testimony is designated as "CONFIDENTIAL" following the deposition, said designation must be made no

later than 15 days after receipt of said deposition transcripts. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's notes, or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, or delivered to attorneys of record, or filed under seal with the Court.

7. Subject to the provisions below, information and documents designated as "CONFIDENTIAL" shall be disclosed only to the Court, the trier of fact, the parties, their attorneys, witnesses or potential witnesses and persons assisting counsel. As used herein, the term "parties" includes the parties' officers, directors and employees in a management capacity. As used herein, the phrase "persons assisting counsel" shall mean clerks, paralegals and secretaries in the regular employ of the parties' counsel, as well as any expert whose technical advice is being or will be used in connection with this litigation, either in preparation for trial or in the trial itself.

8. If any party or attorney for any party in this litigation desires to give, show, make available or communicate any information or document designated "CONFIDENTIAL" to any person, other than the Court, the trier of fact, or a party, such as to a person assisting counsel or to any witness, potential witness and/or

expert witness, the attorney or party shall first give a copy of this Agreed Protective Order to such person, who shall read this Agreed Protective Order, be fully familiar with its provisions, and execute the attached affirmation.

9. To the extent not redacted, "nonpublic personal information" and "personally identifiable financial information," as defined under 12 C.F.R. § 40.3, 16 C.F.R. § 313.3 and/or the regulations related thereto ("Consumer Financial Privacy Laws") that can be traced to an individual, may be produced on the condition that any such data, documents, and/or information so produced may be disclosed, if at all, only to the following categories of persons: (i) counsel of record for the Plaintiffs; (ii) counsel of record for Defendant and the in-house counsel for Defendant responsible for supervising this action; (iii) the Court and its staff; (iv) provided that the requirements of Paragraph 8 are met, to persons assisting counsel or to any witness, potential witness and/or expert witness; (v) persons who are the subject of the data, documents and/or information disclosed; (vi) individuals designated by the producing party as its Fed. R. Civ. P. 30(b)(6) witness(es); and (vii) those individuals approved by this Court upon motion of any party.

10. Inadvertent production of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular

document or material as confidential at a later date.  Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order.

11.     The Agreed Protective Order shall not, in itself, be construed to waive any applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection.

12.     With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation.  Counsel shall attempt to resolve the dispute informally.  If no agreement can be reached, counsel may move the Court for an Order denying confidential treatment to the documents or information in question.  If such a motion is filed, the documents and/or information shall be kept confidential pending a ruling on the motion.  The party asserting confidentiality has the burden to prove that the documents and/or information deserve such treatment.

13.     This Court has the ultimate authority to determine whether information or material should be designated as "CONFIDENTIAL" notwithstanding a party's decision to so designate the information or material.

14. Before filing any information that has been designated "CONFIDENTIAL" with the Court, or any pleadings, motions, or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 14 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal the documents designated "CONFIDENTIAL."

15. After the termination of this action, the restrictions on communications and disclosures provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts or other items of discovery designated as "CONFIDENTIAL" or material contained herein have been communicated or disclosed pursuant to the provisions of this Agreed Protective Order or any other order of the Court. Further, all documents designated as "CONFIDENTIAL," including all copies which may have been disclosed to expert witnesses, shall be returned to the party producing it within six (6) months of the conclusion of the action.

This Agreed Protective Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance or privilege. Further, the provisions of this Agreed Protective Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

Nothing in this Agreed Protective Order shall preclude any of the parties from otherwise seeking a modification of this Agreed Protective Order.

ORDERED THIS \_\_\_\_ DAY OF _____, 2011

_____
UNITED STATES DISTRICT JUDGE